**In re SPROUSE–REITZ STORES, INC., Debtor.**

**Bankruptcy No. 393–36458–dds11.**

United States Bankruptcy Court, D. Oregon.

Nov. 1, 1994.

David A. Foraker, Portland, OR, for debtor's agent and continuing unsecured creditors' committee.

John R. Ellis, Seattle, WA, for State of Washington.

Donald F. Harris, Santa Fe, NM, for State of New Mexico.

John S. Bartlett, Carson City, NV, for State of Nevada.

R. Michael Southcombe, Boise, ID, for State of Idaho.

## MEMORANDUM IN SUPPORT OF ORDER OVERRULING OBJECTIONS TO CLAIM NOS. 708, 801, 804 AND 834

DONAL D. SULLIVAN, Chief Judge.

The debtor's agent, Edward Hostmann, Inc. and the unsecured creditors' committee objected to various priority tax claims filed by several states. The common issue presented is whether the unpaid priority tax claims which were allowed in the debtor's first chapter 11 ("Sprouse I") retained their priority character in this chapter 11 case ("Sprouse II"). For the following reasons, I find that they do retain priority.

The debtor filed Sprouse I on November 27, 1991 and the court confirmed a plan on June 2, 1992. The court allowed priority to the claims of each state taxing authority. The plan provided:

> 4.2 *Tax Claims.* Tax claims shall be paid in full, together with interest from and after the Effective Date at the rate of 8.5 percent per annum, in 72 equal monthly installments of principal and interest commencing on the first date of the first month after the Effective Date and continuing on the first day of each month thereafter until paid in full.

At the time of confirmation, the court found that this treatment complied with the requirements imposed in 11 U.S.C. § 1129(a)(9).

Sprouse could not meet its obligations and the board of directors concluded that an orderly liquidation of the company in chapter 11 was in the best interests of creditors and shareholders. The debtor filed Sprouse II on November 8, 1993. The state tax claimants filed priority claims. The agent and committee objected to the claims to the extent that claimants requested priority for the unpaid balance of the allowed claims from Sprouse I.

■ The objectors argued that the discharge provided by Section 1141 transformed the priority claims of Sprouse I into new claims which were only general unsecured claims in Sprouse II. According to the information provided at oral argument, most of the taxes claimed were employment taxes and sales taxes which debtor incurred less than three years before filing Sprouse II and which the claimants loosely referred to as trust fund taxes. These claims appear to qualify for priority treatment in Sprouse II unless the discharge provided in Sprouse I

altered the tax character of the obligation as entitled to priority under 11 U.S.C. § 507(a)(7).

■ The objectors overstate the impact under Section 1141(d) on a priority tax claim of the discharge in Sprouse I. This statute does not cancel a tax debt. The term "discharge" as used in Section 1141(d) must include an extension because it must be reconciled with Section 1129(a)(9) which extends payment terms to priority taxes without canceling the debt. Otherwise, Section 1141(d)(1) would inappropriately cancel Section 1129(a)(9).

■ Nothing in Sections 1141, 1129, 507 or in the confirmed plan in Sprouse I imposes a metamorphose of the tax claims into a contract or something other than a nondischargeable tax claim under Section 507(a)(7). The extension imposed on taxing authorities in 11 U.S.C. § 1129(a)(9) is automatic and statutorily mandated, not so much as a provision of a plan but as a finding which must be made as a condition of confirmation. Taxing authorities are not asked to vote on the statutory extension nor is their consent necessary unless the debtor proposes a plan which does not comply with Section 1129(a)(9).

■ The further argument that the debtor emerged from Sprouse I as a new entity is rejected because it is in conflict with Section 1141(a) which provides that "the provisions of a confirmed plan bind the debtor". In this case, Sprouse remains the debtor. Finally, the plan confirmed in Sprouse I expressly labeled the claims involved as "tax claims" which reinforces the conclusion that they so remained after confirmation.

I therefore agree with the reasoning and result reached in *In the Matter of Official Committee of Unsecured Creditors of White Farm Equipment Co.*, 943 F.2d 752 (7th Cir.1991), *cert. denied*, 503 U.S. 919, 112 S.Ct. 1292, 117 L.Ed.2d 515 (1992), and I disagree with the criticism of that case in *In re Benjamin Coal Co.*, 978 F.2d 823 (3d Cir.1992). The Third Circuit's criticism is dicta and appears unjustified because the issue there involved administrative expenses which, unlike taxes, are contractual debts and not statutory debts, a distinction which I find to be crucial.

The objections to Claims 708, 801, 804 and 834 should be overruled unless the objecting parties file a memorandum by November 14, 1994 attacking the States' eligibility for priority on some basis other than treatment of the claims in Sprouse I.